Joseph J. HARDING, Jr., Appellant,

v.

PAN AMERICAN LIFE INSURANCE COMPANY, a Louisiana Corporation, Appellee.

No. 78–1607.

United States Court of Appeals, Fourth Circuit.

Argued May 7, 1979.

Decided Aug. 3, 1979.

James W. Tredway, III, Richmond, Va. (Michael L. Soffin, Christian, Barton, Epps, Brent & Chappell, Richmond, Va., on brief), for appellant.

Stephen A. Northup, Richmond, Va. (Andrew J. Ellis, Jr., Mays, Valentine, Davenport & Moore, Richmond, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, RUSSELL, Circuit Judge, and FIELD, Senior Circuit Judge.

DONALD RUSSELL, Circuit Judge:

■ This is a contest over a deposit of $22,000 made by the plaintiff, a real estate developer, with the defendant insurance company incident to a loan commitment of $1,100,000, by way of permanent financing for a proposed shopping center to be built by the plaintiff. Federal jurisdiction rested on diversity. 28 U.S.C. § 1332. The basic issue is whether the deposit is to be treated as a standby deposit, as a penalty, or as a deposit to be reimbursed the plaintiff. The plaintiff asserts that the deposit is to be treated as a penalty, or, failing that, as a fund to provide payment solely to satisfy plaintiff's obligation under the agreement. In support of his alternative claim, he adds that there is no obligation due the defendant by him under the agreement. Under this theory, the plaintiff would be entitled to a refund of the deposit. The defendant, on the other hand, contends that the deposit is to be construed as a standby fee, representing reasonable liquidated damages, for maintaining itself in a position to meet the loan commitment during the commitment period. This contention of the defendant, if sustained, would entitle the defendant to retain the deposit.

Such were the conflicting positions of the parties, which the district court was called on to address. The district court construed the deposit to be a standby fee, which was to be retained by the defendant as liquidated damages on failure of the plaintiff to take the loan. It accordingly dismissed the plaintiff's claim and granted judgment in favor of the defendant.[1] The plaintiff has appealed. We affirm.

■ The plaintiff concedes the validity and the reasonableness of the specific fee in this case, if the deposit is properly considered to be a standby fee in the nature of liquidated damages.[2] For the reasons assigned by the able district judge, we are convinced that the deposit as made by the plaintiff was not a penalty but a standard standby fee, which would be paid the defendant if the plaintiff defaulted in exercising the loan commitment but would be refunded to the plaintiff if the commitment was exercised. We find no merit in plaintiff's claim that, under the specific terms of the loan commitment, the defendant was authorized to use only so much of the deposit as was necessary "to satisfy Harding's obligation under the agreement," and was obligated to refund to the plaintiff the balance. He contends that the defendant admittedly did not use any of the deposit to satisfy any obligation of the plaintiff and thus was due to refund it to the plaintiff. The loan agreement, however, very plainly provided that "if an Event of Default [by the plaintiff] shall occur," the deposit "should be paid to" the defendant and that only "[i]n the event the Applicant [plaintiff] performs and the Loan is funded, all in accord with the terms and conditions of the Agreement" shall the defendant "refund the funds." This language is entirely clear that the defendant's obligation to refund arises only if the plaintiff takes advantage of the loan commitment and "the Loan is funded" or made. Admittedly the loan was not made and for that failure the plaintiff was responsible. There was, under those circumstances, the plaintiff has conceded, a "Default" by the terms of the loan commitment and the plaintiff became accordingly

---

1. The opinion of the district court is reported, *Harding v. Pan American Life Insurance Co.* (E.D.Va.1978) 452 F.Supp. 527.

2. See, Goetz and Scott, *Liquidated Damages, Penalties and the Just Compensation Principle: Some Notes on an Enforcement Model and a Theory of Efficient Breach*, 77 *Col.L.Rev.* 555 (1977).

obligated to the defendant in the amount of the deposit, by the express terms of the agreement. This is clearly spelt out in the loan commitment. The grant of judgment in favor of the defendant by the district court is

AFFIRMED.